IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 25 2025

JEFFREY P. COLWELL
CLERK

Civil Action No. 25-CV-02271-DDD

Channing Curry, Plaintiff(s)

Al Fear, et al., 

_____, Defendant(s)

## MOTION AND AFFIDAVIT FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C.A. § 1915(d)

### INTRODUCTION

COMES NOW, a Pro Se Plaintiff currently being held in Prowers County Jail in the state of Colorado, moves this honorable Court to appoint Probono Counsel to the Plaintiff, Pursuant to 28 U.S.C.A. § 1915(d).

_____ Plaintiff requests Limited Scope representation.
(check one)           OR
__✓__ Plaintiff requests Full Representation.

1

<u>I.</u>

- Plaintiff has conducted a full inventory of Prowers County Jail's Law Library System and has determined that it does not meet the minimum requirements and standards for adult correctional institutions and is far below the minimum standards approved by the A.B.A. and American Association of Law Libraries. In light of this fact the Plaintiff is confident that this honorable court will agree that he is entitled to Probono counsel pursuant to 28 U.S.C.A. §§ 1915(d) as a matter of law. Plaintiff has asserted the list of <u>all</u> the law books in the Prowers County Jail Law Library in II. of this motion to support his affidavit.

    See (Smith v. Lamm, 629 F. Supp. 1184) (D. Colo. 1986)

    "Motion for appointment of counsel to assist Plaintiff appearing Pro Se may be denied if action appears to be frivolous and Plaintiff has access to law library of institution where he is incarcerated."

- Plaintiff asserts the argument that he is entitled to Pro bono counsel due to the fact that his action does not appear to be frivolous and the law library system he has access to is far below the minimum standards.

2.

See (Ramos v. Lamm, 485 F. Supp. 122)(D.C. Colo. 1979) "Once an inmate gains access to a law library, its contents must be constitutionally adequate.

## II. LAW LIBRARY CONTENTS

(1.) 1987 Editions ONLY of "West's Colorado Digest 2d."
- Books 1-11 (1864-1987)  • Books 13-24 (1864-1987)
- Books 26-35 (1864-1987) • Book 12 is missing
- Book 25 is missing • This 1987 edition set of "West's Colorado Digest 2d" is the only set of law books in the law library that contain partial outdated case law relevant to the Fed. R. Civ. Proc. and very limited case law relevant to 10th Cir. case law that the Plaintiff desperately needs to continue this action Pro Se, and two Books are actually missing from the set. The set only contains case law from Colorado. Very limited case law.

(2.) "Colorado Revised Statutes Annotated"- 2023 Editions.
- Index A-M • Index N-Z • Court Rules Book 1 (state)
- Court Rules Book 2 (state) • Titles 1-3 • Titles 4-6
- Titles 7-9 • Titles 10-11 • Title 12 • Title 13
- Titles 14-15 • Titles 16-17 • Title 18 • Titles 19-21
- Titles 22-23 • Title 24, Books 1-2 • Title 25
- Titles 25.5-28 • Titles 29-30 • Titles 31-32

3.

- Titles 33-36  • Titles 37-38  • Titles 39-41
- Titles 42-43  • Title 44
- This set of law books are for <u>state</u> <u>courts</u> <u>only</u>, and provide very little direction and limited, outdated case law for a Pro Se litigant in the 10th circuit District Courts.

(3.) "Colorado Reporter" (P.2d) - Pacific Reporter, Second Series.
- 616-619 TO 712-713  • 714-716 TO 949-953
- 959-961 TO 970-973  • 974-978 TO 998-999
- 272-279 TO 340-344  • 350-352 TO 397-402
- 502-505  • Almost 50% Pacific Reporter Second Series are missing.
- This set of law books are from the state of Colorado <u>only</u> and contain inadequate and insufficient information for a Pro Se litigant in the 10th circuit District Courts.

(4.) "Colorado Reporter" (P.3d) - Pacific Reporter, Third Series.
- 1-3 TO 40-43  • 56-59
- Almost 100% Pacific Reporter Third Series are missing.

(5.) "Session Laws of Colorado" - 1995 Editions
- Volumes 1-3

"Session Laws of Colorado" - 1997 Editions
Volumes 1-2

4.

- The "Session Laws of Colorado" Law books are virtually worthless to a Pro Se Litigant.

(6.) "Colorado Reports" (Supreme Court Cases, State of Colorado)
  - Volumes 112-134 (starting in 1944) • Volume 136
  - Volumes 138-159 • Volumes 174-194
  - Volumes 196-200 (Ending in 1980)
  - Over 60% "Colorado Reports" volumes are missing.
  - These Supreme Court rulings are only from State Courts and contain an extremely limited amount of U.S. Supreme Court rulings within the Colorado Supreme Court cases that a Pro Se Litigant in the 10th Circuit U.S. District Courts can use.

(7.) "Colorado Revised Statutes." - 1993 Volumes
  - This extremely outdated set of Colorado Revised Statutes are practicially useless to a Pro Se Litigant in general.

  - This concludes the Entire inventory of the Law Library System in Prowers County Jail in it's entirety.
  - No Computers, Nor LEXIS-NEXIS is available or a current option, nor alternative in Prowers County Jail.

5.

• See (Mingo V. Patterson, 455 F.Supp. 1358)(D.C. Colo. 1978)
"Inmate at state penitentary was entitled to access to Prison Law Library in order to prepare his civil rights Action."

• See (Boulies V. Ricketts, 518 F.Supp. 687)(D.C. Colo. 1981)
"Prison's Law Library did not meet minimum requirements of the manual of standards for adult Correctional institutions and was far below minimum standards approved by the American Bar Association and the American Association of Law Libraries, and thus the Law Library did not provide inmates with constitutionally acceptable Court access."

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this honorable Court will grant this MOTION AND AFFIDAVIT FOR APPOINTMENT OF COUNSEL. Plaintiff <u>will attach Proof</u> of his presence in the Law Library of Prowers County Jail by attaching his <u>Past</u> requests to go to the Prowers County Jail Law Library HERETO. Plaintiff's Affidavit Under Penalty of Perjury that the facts stated in this motion are True is Below.

I, <u>Channing Curry</u> (Print Name), declare Under Penalty

6.

of perjury the forgoing is true and correct to the best of my knowledge.

Executed on __08/20/2025__ (DATE), in the __Prowers County__ (County or name of Institution) Jail/institution at __103 E. Oak St. Lamar, CO 81052__ (ADDRESS), in the United States

Print Name. __Channing Curry__

Sign Name. __[signature]__

Date. __08/20/2025__

7.

I certify that on 08/20/2025 (DATE), I sent a copy of this document to the opposing Party via U.S. regular Mail To:

OFFICE OF THE CLERK, U.S. Dist. Court of Colo. Alfred A. Arraj Courthouse, 901 - 19th St. Room A105 Denver, CO 80294-3589

Print Name: Channing Curry
Sign Name: [signature]
Date: 08/20/2025

8.

## Prowers County Jail Inmate Request Form

_____B1_____ Cell Assignment   __08/16/2025__ Date of Request

__Channing Carey__ Inmate's Name

Nature of Request: _Can I go to law library? Thanks_

_____ Inmate' Signature

Action Taken

8/16/25   To library
3:20

_____ Officer's Signature   _____ Date

## Prowers County Jail Inmate Request Form

_B4_ Cell Assignment  _08/17/25_ Date of Request

_[illegible]_ Inmate's Name

Nature of Request: _Can I go to law library? Thanks_ :)

_[signature]_ Inmate' Signature

Action Taken: _Accepted_

_[signature]_ Officer's Signature  _8-17-25_ Date

## Prowers County Jail Inmate Request Form

___B4___ Cell Assignment   ___07/11/2025___ Date of Request

___Channing Wray___ Inmate's Name

Nature of Request ___Law Library Please.___

___[signature]___ Inmate' Signature

Action Taken

___TAKEN TO LAW LIBRARY___

___[signature]___ Officer's Signature   ___7-11-25___ Date

## Prowers County Jail Inmate Request Form

_____ Cell Assignment          _07/14/25_____ Date of Request

_Shaoxing Wang_____ Inmate's Name

Nature of Request   _Please take me to law_
_library_____

_____

_____

_____

_____

_____ Inmate' Signature

Action Taken   _Yes_____

_____

_____

_____

_____

_____

_____

_____ Officer's Signature        _7-16-25_____ Date

